2008 OCT 10 A 8:05

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joshua Gallishaw, # 251362, ) | C/A No. 9:08-3330-CMC-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| State of South Carolina, ) | |
| ) | |
| Respondent. ) | |

The petitioner, Joshua Gallishaw, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Petitioner is an inmate at Manning Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even when considered under this less stringent standard, however, the petition submitted in the

above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Factual Background

The petitioner alleges that on November 15, 2000, he was convicted in the Sumter County Court of General Sessions of voluntary manslaughter, possession of a weapon during a violent crime, and possession of a pistol by a person under the age of twenty-one, receiving an eighteen-year sentence. (Pet. at p. 1) Petitioner alleges that he filed a direct appeal, which was dismissed on April 25, 2002 by the South Carolina Court of Appeals. The petitioner claims that he filed a post-conviction relief action in the South Carolina Court of Common Pleas on August 27, 2002, which was dismissed on September 17, 2003. On June 21, 2004, the petitioner appealed his PCR case to the South Carolina Supreme Court, which denied the appeal on September 7, 2005. Thereafter, on October 17, 2005, the petitioner filed a § 2254 habeas action in this court seeking to vacate these Sumter County convictions. *See Gallishaw v. State of South Carolina and McMaster*, C/A No. 0:05-2949-CMC-BM (Docket Entry # 10, explaining the challenged convictions).[1] On August 24, 2006, this district court granted the respondent's motion for summary judgment and dismissed the § 2254 petition with prejudice. *Id.* at Docket Entry #12.

---

[1] It is appropriate for this District Court to take judicial notice of the petitioner's prior cases. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

2

The petitioner has now filed this second § 2254 petition seeking "that his sentence be vacated and immediate release from SCDC., and cause of lapse of time not to be retried."[2] (Pet. at p. 15) Petitioner alleges newly discovered exculpatory evidence that was not disclosed by the prosecution *i.e.*, a SLED gun shot residue report which shows no gun residue was found on the petitioner. The petitioner alleges that he obtained this report in March 2008 via a Freedom of Information Act request. The petitioner further alleges that in his criminal case there was no physical evidence, and that he would therefore not have taken the stand had he known about that report. He submits that relief should be granted because he is "actually innocent." (Pet. at p. 14)

## Discussion

"Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153, as follows:

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See* Felker v. Turpin, 518 U.S. 651, [657] (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255

---

[2] The petitioner alleges that he also filed a post-conviction relief action in the Sumter County Court of Common Pleas, 2008-CP-43-00985, raising grounds for relief similar to the grounds raised in this second § 2254 petition. He alleges that the state PCR action is still pending.

3

> motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d at 1194 (footnote omitted).

> The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:
>
> > The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).

Therefore, in order for this Court to consider a second or successive § 2254 petition, petitioner must first obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F.3d 277 (4th Cir. 2003); *In re: Fowlkes*, 326 F.3d 542 (4th Cir. 2003). Petitioner can obtain the necessary forms to complete this process from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit.[3] However, because petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the within petition in the district court before filing this petition, this Court does not have jurisdiction to consider it. *Cf. United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003); *In re Williams*, 444 F.3d 233, 237 (4th Cir. 2006).

---

[3]

Patricia S. Connor, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517



4

## Recommendation

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* and *without requiring the respondent to file a return*. See *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (noting that district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214.

*The petitioner's attention is directed to the important notice on the next page.*

Bristow Marchant
United States Magistrate Judge

October 9, 2008

Charleston, South Carolina



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

6

